**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOEL JACKSON, | Case No. 1:22-cv-00979 JLT CDB (SS) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING ACTION PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | (Doc. 20) |

Joel Jackson initiated this action with the filing of a complaint on August 5, 2022, seeking judicial review of a final decision of the Commissioner of Social Security denying his application for disability benefits under the Social Security Act. (Doc. 1.) Defendant filed the administrative transcript (Doc. 13) on December 7, 2022, after which Plaintiff filed a motion for summary judgment (Doc. 14), Defendant filed an opposition (Doc. 16), and Plaintiff filed a reply (Doc. 17).

On March 25, 2026, the assigned magistrate judge entered Findings and Recommendations to grant the Plaintiff's motion. (Doc. 20.) The magistrate judge evaluated the Administrative Law Judge's decision, finding that the medical evidence cited by the ALJ in support of discounting the Plaintiff's symptom testimony did not meet the applicable clear and convincing standard. *Id.* at 10-15. The magistrate judge found that the ALJ did not support the discounting of medical opinion evidence with substantial evidence. *Id.* at 18-20. The magistrate judge also determined that the Appeals Council did not consider in its review of the ALJ's

1

decision a letter from Plaintiff's physician sent after the date of the decision, and Plaintiff did not set forth good cause for the late submission of the record.  As to medical records attached to Plaintiff's motion, the magistrate judge found good cause for their late submission and that the records were material and should be considered on remand.  *Id.* at 23-26.  Lastly, the magistrate judge noted that consideration of lay witness evidence under the revised regulations is an open question but that the ALJ errored in failing to meet either applicable standard.  *Id.* at 26-28.

The magistrate judge recommended that the Plaintiff's motion be granted, the ALJ's decision be reversed, and the matter be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings, with judgment entered in favor of Plaintiff and against Defendant.  *Id.* at 28-29. The Court served the Findings and Recommendation and informed the parties that any objections were to be filed within 14 days after service.  *Id.* at 29.  In addition, the Court advised that "failure to file objections within the specified time may result in the waiver of rights on appeal." *Id.* (quoting *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)).  No objections were filed and the time to do so has passed.

According to 28 U.S.C. § 636 (b)(1)(c), this Court conducted a *de novo* review of the case. The Findings and Recommendation are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations (Doc. 20) issued on March 25, 2026, are **ADOPTED** in full.

2. Plaintiff's motion for summary judgment (Doc. 14) is **GRANTED**.

3. The matter is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

4. The Clerk of the Court is directed to enter judgment in favor of Plaintiff, and against Defendant, reversing the final decision of the Commissioner, and to terminate all pending dates and close this case.

IT IS SO ORDERED.

Dated:   **May 11, 2026**

UNITED STATES DISTRICT JUDGE

2